# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-10530
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 25, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSUE MARTINEZ-GARCIA,

Defendant-Appellant

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 21 2014
CLERK, U.S. DISTRICT COURT
By _____
Deputy

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-260 - A

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:*

Josue Martinez-Garcia pleaded guilty to illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a), (b)(1)(2). He appeals the within-guidelines sentence of 57 months and three years of supervised release, arguing that the sentence is substantively unreasonable.

Martinez-Garcia's sentence is presumed to be reasonable. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). His

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argument that the court failed to account for his personal history and characteristics, the nature and circumstances of his illegal reentry offense, and the circumstance of a prior conviction that resulted in an enhancement of his sentencing range, is essentially a request that this court reweigh the 18 U.S.C. § 3553(a) factors, which would contravene the deference that this court affords the sentencing court's decision. *See* 18 U.S.C. § 3553(a); *Gall v. United States*, 552 U.S. 38, 51 (2007). Martinez-Garcia's arguments do not establish that his sentence fails to take into account a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the sentencing factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). He therefore has not rebutted the presumption of reasonableness that applies to his within-guidelines sentence. *See id.*

For the foregoing reasons, the judgment of the district court is AFFIRMED.